[Cite as *State v. Boss*, 2021-Ohio-1009.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2020-L-099** <br> **2020-L-100** |
| CHARLES R. BOSS, III, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Lake County Court of Common Pleas, Case Nos. 2020 CR 000436 and 2020 CR 000492.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, Ohio 44077 (For Plaintiff-Appellee).

*Sean P. Martin*, 113 N. Chestnut Street, Jefferson, Ohio 44047 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Charles R. Boss, III, appeals two judgment entries sentencing him in two cases following his guilty pleas. Each case charged Boss with one count of domestic violence in violation of R.C. 2919.25(A) and one count of violating a protection order in violation of R.C. 2919.27, both felonies. At issue in this consolidated appeal is the imposition of consecutive sentences. The judgments are affirmed.

{¶2} The cases against Boss stem from two physical altercations with his girlfriend, with whom he shared a home. On February 11, 2020, Boss and the victim were arguing, and the victim attempted to lock Boss out of the bedroom. Boss broke the door, and a physical altercation then ensued throughout the home. Responding officers noted that the victim had marks on her neck, and there was visible damage to the door. When Boss appeared in court on this case, a protection order was issued against him; however, he continued to contact the victim by telephone. On June 7, 2020, Boss again assaulted the victim at the home, and he prevented her from leaving until the next morning. The victim suffered multiple abrasions to her skin consistent with rug burn.

{¶3} In both cases, Boss entered guilty pleas pursuant to bills of information to all counts. Thereafter, the trial court ordered a presentence investigation and set the matter for sentencing.

{¶4} At the sentencing hearing, the trial court considered the statements of counsel and the victim, along with the presentence investigation report and a drug and alcohol evaluation. The court then imposed a prison sentence in the first case of 12 months on the first count, domestic violence, and 6 months on the second count, violating a protection order. In the second case, the court imposed a prison sentence of 30 months on the first count, violating a protection order, and 12 months on the second count, domestic violence. The trial court ordered all sentences to run consecutively for a total of 60 months.

{¶5} Boss raises one assignment of error:

{¶6} "The Trial Court improperly imposed consecutive sentencing upon the Appellant."

2

{¶7} Boss argues that the factors in R.C. 2929.11 and R.C. 2929.12 do not support imposition of consecutive sentences. However, the Ohio Supreme Court has recently held that R.C. 2929.11 and R.C. 2929.12 are not applicable in appellate review of consecutive sentences. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, ¶ 17, and *State v. Jones*, ___ Ohio St.3d ___, 2020-Ohio-6729, ¶ 39. Instead, we review consecutive sentences under R.C. 2953.08(G) and R.C. 2929.14(C)(4).

{¶8} R.C. 2953.08(G)(2) provides:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶9} With respect to sentencing for multiple prison terms, the statutory framework creates a presumption that an offender's sentences will be served concurrently. R.C. 2929.41(A). However, R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to

the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} Here, the trial court found that consecutive service is necessary to protect the public from future crime or to punish Boss; consecutive sentences are not disproportionate to the seriousness of Boss' conduct and to the danger he poses to the public; Boss committed one or more the offenses while on bond; and Boss' history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. We do not clearly and convincingly find the record does not support the findings, as the record established that Boss has a history of criminal conduct, including previous convictions for domestic violence and violating a protection order; his assaultive behavior has escalated; he has attempted to place blame on the victim for the incidents; and his actions constitute serious and dangerous conduct.

4

{¶11} Accordingly, Boss' sole assignment of error is overruled, and the judgments of the trial court are affirmed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.